UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDALL WOODS,

    Plaintiff,

v.

TY BARKER and CRAIG HUNTER,

    Defendants.

                                            /

Case No. 2:17-cv-11268

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION
TO DISMISS FOR LACK OF PERSONAL JURISDICTION [5]**

Plaintiff Randall Woods filed a complaint against Defendants Ty Barker and Craig Hunter for breach of contract and conversion. Barker and Hunter filed a motion to dismiss for lack of personal jurisdiction and improper venue. For the reasons below, the Court will grant the motion and dismiss the case.

**BACKGROUND**

Michigan resident Woods placed an advertisement online in the Wyoming "Craigslist" classifieds to sell equipment located in Wyoming. Texas residents Barker and Hunter called Woods on the telephone to inquire. The parties agreed to terms of sale over the telephone, and Woods emailed Barker a quote for the sale of the equipment. Barker signed the quote in Texas and emailed it back to Woods in Michigan.

Under the terms of the agreement, Barker and Hunter agreed to pick up the equipment in Wyoming, and transport it back to Texas. Barker and Hunter also agreed to wire three installment payments to Woods's Michigan bank account. After Barker and Hunter paid the first two installments, however, a dispute arose. They refused to pay the final installment payment. Woods filed suit in Michigan. Barker's and Hunter's motion to

dismiss for lack of personal jurisdiction and improper venue followed.

## LEGAL STANDARD

"On a motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2), the plaintiff has the burden of proving the court's jurisdiction over the defendant." *SFS Check, LLC v. First Bank of Delaware*, 990 F. Supp. 2d 762, 769 (E.D. Mich 2013). "[I]n the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Id*. "Presented with a properly supported 12(b)(2) motion and opposition, the court has three procedural alternatives: it may decide the motion upon the affidavit alone; it may permit discovery in aid of deciding the motion; or it may conduct an evidentiary hearing to resolve any apparent factual questions." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991).

"On a motion to dismiss for improper venue, the plaintiff bears the burden of proving that venue is proper." *Audi AG & Volkswagen of Am., Inc. v. Izumi*, 204 F. Supp. 2d 1014, 1017 (E.D. Mich. 2002). "The court may examine facts outside the complaint but must draw all reasonable inferences and resolve factual conflicts in favor of the plaintiff." *Id*. "If a defendant prevails on a Rule 12(b)(3) challenge, the court has the discretion to decide whether the action should be dismissed or transferred to an appropriate court." *Id*.

## DISCUSSION

"A federal court's exercise of personal jurisdiction in a diversity of citizenship case must be both (1) authorized by the law of the state in which it sits, and (2) in accordance with the Due Process Clause of the Fourteenth Amendment." *Neogen Corp. v. Neo Gen*

*Screening, Inc.*, 282 F.3d 883, 888 (6th Cir. 2002). If both requirements are not met, the Court lacks personal jurisdiction. *Id.* Michigan's long-arm statute "bestow[s] the broadest possible grant of personal jurisdiction consistent with due process." *The Sports Authority Michigan, Inc. v. Justballs, Inc.*, 810 (E.D. Mich. 2000). The statute authorizes limited personal jurisdiction over nonresidents involved in "[t]he transaction of any business within the state." Mich. Comp. Laws § 600.715. "[E]ven the slightest act of business in Michigan" satisfies the statute, so long as the alleged cause-of-action arose from that act. *Lanier v. American Board of Endodontics*, 843 F.2d 901 (6th Cir.1988).

E-mail and telephone communication with a Michigan party and receipt of payment in Michigan may constitute the "transaction of business." *See, e.g.*, *id.* at 907 ("[D]efendants are clearly mistaken in asserting that phone calls and mailings cannot constitute 'transacting business'" under Michigan's long-arm statute.). Here, Barker and Hunter communicated with Woods through e-mail and telephone calls to Michigan, and wired payment to Woods's Michigan bank account. Woods alleges causes of action that arise from the communications and payment. Viewing the facts in a light most favorable to Woods, Barker and Hunter transacted business in Michigan within the meaning of Michigan's long-arm statute. *See* ECF 1, PgID 4. Thus, the Court finds that Woods has met his burden to show that Michigan's statute authorizes personal jurisdiction over Barker and Hunter.

Although Michigan's long-arm statute is broad, the due process clause limits its reach. To satisfy due process, Woods must demonstrate that Barker and Hunter have sufficient "minimum contacts" with Michigan such that finding personal jurisdiction will not offend "traditional notions of fair play and substantial justice." *Neogen Corp.*, 282 F.3d at 889

3

(quoting *Int'l Shoe v. Washington*, 326 U.S. 310, 316 (1945)). Specifically, three requirements must be met: (1) "the defendant must purposely avail himself of the privilege of acting in the forum state or causing a consequence in the forum state"; (2) "the cause of action must arise from the defendant's activities there"; (3) "the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of personal jurisdiction over the defendant reasonable." *Neogen*, 282 F.3d at 890.

Purposeful availment is "the 'constitutional touchstone' of personal jurisdiction[.]" *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). The standard requires that the defendant engage in intentional, purposeful contact with the forum state which invokes the "benefits and protections" of the forum laws. *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 150 (6th Cir. 1997*)* (quoting *Burger King*, 471 U.S. at 475). Ultimately, purposeful availment requires a "substantial connection" between the defendant's conduct and the state which would cause the defendant to "reasonably anticipate being haled into court there." *Neogen*, 282 F.3d at 889 (quoting *Burger King*, 471 U.S. at 475). "The requirement 'ensures that a defendant will not be haled into a jurisdiction solely as a result of "random," "fortuitous" or "attenuated" contacts.'" *Kerry Steel*, 106 F.3d at 150 (quoting *Burger King*, 471 U.S. at 475).

Woods has not met his burden to show that Barker and Hunter purposefully availed themselves of the benefits and protection of Michigan law. Barker and Hunter do not reside in Michigan, do not employ persons in Michigan, do not have offices or property in Michigan, have not been to Michigan, and do not have regular business contacts with individuals in Michigan. Although Barker and Hunter entered into a contract with a Michigan

4

resident, "'an individual's contract with an out-of-state party alone' cannot 'automatically establish minimum contacts.'" *Id.* at 151 (quoting *Burger King*, 471 U.S. at 478); *see also Alisoglu v. Cent. States Thermo King of Oklahoma, Inc.*, No. 12-CV-10230, 2012 WL 1666426, at *8 (E.D. Mich. May 11, 2012) (finding no purposeful availment of Michigan laws because "the purchase agreement was executed by both Plaintiffs and Defendant in Oklahoma, and Plaintiffs accepted delivery of the trailer in Oklahoma[.]").

Woods has not shown that the parties "intended to establish 'continuing relationships and obligations' in Michigan." *Kerry Steel*, 106 F.3d at 151 (quoting *Burger King*, 471 U.S. at 473). And there is no indication that the parties intended the contract "to have ongoing, far-reaching consequences in the Michigan" equipment-sales market. *Lanier*, 843 F.2d at 911. Instead, Barker's and Hunter's contacts with Michigan were limited and isolated. The parties' contracted for a one-time transaction. The contract regarded the sale of equipment located in Wyoming, the terms of the contract required Woods to disassemble the equipment in Wyoming, and Barker and Hunter to pick up the disassembled equipment in Wyoming, and transport the equipment back to Texas. Although Barker and Hunter made the initial telephone call to Woods in Michigan, that call was in response to an out-of-state on-line advertisement placed by Woods in the Wyoming classifieds. Other than telephone and e-mail communication and the payments, the entirety of the transaction took place outside of Michigan.

In sum, Barker's and Hunter's contacts with Michigan appear highly attenuated and would not lead them to reasonably anticipate being haled into a Michigan court. Since the Court finds no purposeful availment, it need not analyze the remaining two due-process requirements or the argument related to venue. The Court lacks personal jurisdiction and

5

must dismiss the complaint.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendants' Motion to Dismiss [5] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Complaint is **DISMISSED WITH PREJUDICE**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: July 21, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 21, 2017, by electronic and/or ordinary mail.

s/David P. Parker
Case Manager